FRANCISCO BECHARA, Plaintiff and Appellee, *v.* RAMÓN N. BÁEZ, Defendant and Appellant.

No. 8810.    Argued December 9, 1943.—Decided January 13, 1944.

*Frank Torres* for appellant.    *Sergio León Lugo* for appellee.

MR. ACTING CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The essential facts alleged in the complaint and admitted by the demurrer thereto, for insufficiency, are as follows:

The plaintiff sold some merchandise to the defendant on open account. The account was closed, liquidated, and accepted by the defendant, showing a balance in favor of the plaintiff amounting to $1,564.85. To secure the payment of the sum of $1,200 as a part of the balance in favor of the plaintiff, the defendant sold to the plaintiff a house situated

in Ponce with the agreement that if within six months the vendor delivered the $1,200 to the purchaser, the latter would execute a reconveyance in his favor. In the complaint it is alleged that the sole object and purpose of the deed of sale with an agreement to reconvey was to secure to the plaintiff the payment of the sum due him. The defendant has refused to pay the amount in controversy, and the plaintiff prays that he be adjudged to pay the sum of $1,200 as a part of the acknowledged debt.

Upon the demurrer being overruled, the defendant asked that final judgment be rendered on the pleadings. The lower court did so and the defendant appealed. The parties submitted the case upon the briefs.

The appeal must be dismissed as it is absolutely frivolous. It having been admitted by the demurrer that the account had been liquidated and the balance accepted, and that the sale with the right of redemption had been made only for the purpose of securing the payment of said balance, the lower court acted correctly in holding that the complaint states facts sufficient to constitute a cause of action in favor of the plaintiff creditor.

Nor did the trial court err in holding that the complaint is not ambiguous and that on the contrary it is perfectly intelligible.

The judgment appealed from must be affirmed.